United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Townhouse Hotel, LLC, Appellant, | ) | |
| | ) | |
| v. | ) | Bankruptcy Appeal |
| | ) | Case No. 20-25153-Civ-Scola |
| Universal Investments Unlimited, Inc., Appellee. | ) | |

### Order Denying Motion for Reconsideration

Appellant Townhouse Hotel, LLC asks the Court to reconsider its order denying its request for a stay of proceedings pending its appeal. (Appellant's Mot. for Reconsideration, ECF No. 10.) The Court denied Townhouse's motion for a stay because Townhouse failed to confer with opposing counsel, as required by the Local Rules, before filing its motion. (Orders, ECF Nos. 7, 9.) Townhouse now complains (1) the Court should not have denied its motion on procedural grounds; (2) denial of the motion would unduly penalize litigant Townhouse for counsel's failure to comply with the Local Rules; and (3) it was reasonable for Townhouse's counsel to assume that opposing counsel would object to the relief requested. (Appellant's Mot. at 3–4.) The Court has reviewed the record and finds Townhouse's arguments unavailing. The Court, therefore, **denies** Townhouse's motion for reconsideration of the Court's order denying its request for a stay pending its appeal (**ECF No. 10**).

To begin with, reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). Townhouse has not convinced the Court of the existence of any of these grounds.

First, Rule 7.1(a)(3) itself grants the Court the authority to deny a motion when counsel fails to comply with his conferral obligations. L.R. 7.1(a)(3) ("Failure to comply with the requirements of this Local Rule may be cause for the Court to . . . deny the motion."). Second, denying the motion would not unduly penalize Townhouse because its counsel has failed to persuade the Court that the motion would have, in any event, have been granted. The Court agrees with Appellee Universal Investments Unlimited, Inc. (Appellee's Resp., ECF No. 11) and finds Townhouse's motion (1) does not demonstrate a likelihood of success on the merits, (2) does not persuade that it will suffer irreparable harm without a stay, (3) fails to establish that Universal will not

suffer substantial injury if proceedings are stayed, and (4) fails to show that a stay will serve the public interest. Finally, <u>third</u>, contrary to counsel's reliance on his assumption that Universal was unlikely, anyway, to agree to the requested relief, "Local Rule 7.1 does not contain a futility exception." *Whatley v. World Fuel Services Corp.*, 20-20993-MC, 2020 WL 4818924, at *4 (S.D. Fla. Aug. 19, 2020) (Torres, Mag. J.). The Rule specifically exempts certain motions from the conferral requirement; a motion to stay is not one of them.

Accordingly, for the foregoing reasons, the Court **denies** Townhouse's motion for reconsideration (**ECF No. 10**.)

**Done and ordered** in Miami, Florida, on February 5, 2021.

*[signature]*
Robert N. Scola, Jr.
United States District Judge